IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CAROLYN HAMMETT,

           Plaintiff,

v.                                             CIVIL ACTION NO. 2:12-cv-01802

ETHICON, INC., et al.,

           Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Motion for Summary Judgment [ECF No. 54] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

I.    Background

This action involves a Texas plaintiff who was implanted with mesh products manufactured by Ethicon, Gynecare Prolift Pelvic Floor Repair System ("Prolift"), on December 24, 2008, and Tension-free Vaginal Tape-SECUR ("TVT-S"), on February 24, 2009. Am. Short Form Compl. [ECF No. 19] ¶¶ 1–12. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more

than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Nov. 20, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 2 case."

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

Ms. Hammett originally filed her claim in the Eastern District of Texas. *See* Compl. [ECF No. 1]. Thus, the choice-of-law principles of Texas guide the court's choice-of-law analysis. *See Klaxon Co. v. Stentor Elect. Mfg. Co.*, 313 U.S. 487, 496 (1941).

The parties agree, as does the court, that these principles compel application

of Texas substantive law to the plaintiff's claims. In tort actions, Texas adheres to the Restatement (Second) of Conflict of Laws (Am. Law Inst. 1971). *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). Under section 145 of the Restatement, the court must apply the law of the state with the most "significant relationship to the occurrence and the parties." Here, the plaintiff resides in Texas, and her implantation surgeries occurred in Texas. Second Am. Short Form Compl. ¶ 11. Texas has a strong interest in resolving tort actions brought by one of its citizens for injuries arising from conduct alleged to have occurred within its territorial jurisdiction. Thus, I will apply Texas substantive law to this case.

### III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiff's claims are without evidentiary or legal support.

#### A. Manufacturing Defect

The plaintiff points to no evidence that the devices departed from their intended designs at the time it left Ethicon's control. Accordingly, Ethicon's Motion on this point is **GRANTED**.

#### B. Failure to Warn Claims

Texas follows the learned intermediary doctrine. *Centocor, Inc. v. Hamilton*, 372 S.W.3d 140, 158–9 (Tex. 2012) (holding "the doctrine generally applies within the context of a physician-patient relationship"); *see also Bean v. Baxter Healthcare Corp.*, 965 S.W.2d 656, 663 (Tex. Ct. App. 1998) (applying the learned intermediary

4

doctrine to an implantable medical device case). Under this doctrine, "a manufacturer is required to provide adequate warning to the end users of its product if it knows or should know of any potential harm that may result from the use of its product." *Id.* at 153–154.

"In order to recover for a failure to warn under the learned intermediary doctrine, a plaintiff must show: (1) the warning was defective; and (2) the failure to warn was a producing cause of the plaintiff's condition or injury." *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 468 (5th Cir. 1999) (applying Texas law). However, if "the physician was aware of the possible risks involved in the use of the product but decided to use it anyway, the adequacy of the warning is not a producing cause of the injury and the plaintiff's recovery must be denied." *Centocor*, 372 S.W.3d at 173 (quoting *Porterfield*, 183 F.3d at 468) (internal quotations omitted)).

Even assuming that Ms. Hammett presented sufficient evidence to show that Ethicon's warning to her implanting physician Dr. Zeid was inadequate, she still was required to prove the inadequate warning was the producing cause of her injuries. *See Centocor*, 372 S.W.3d at 170. To prove causation, "the plaintiff must show that a proper warning would have changed the decision of the treating physician, i.e., that but for the inadequate warning, the treating physician would have not used or prescribed the product." *Ackermann v. Wyeth Pharm.*, 526 F.3d 203, 208 (5th Cir. 2008) (quoting *Dyer v. Danek Med., Inc.*, 115 F. Supp. 2d 732, 741 (N.D. Tex. 2000)).

Ms. Hammett has failed to present any testimonial or other evidence that Dr.

5

Zeid would not have used or prescribed the TVT-S to treat her pelvic organ prolapse and urinary problems had he received a different warning. To the contrary, Dr. Zeid stated in his deposition that knowing what he knew today in practice, he still would recommend a TVT-S to Ms. Hammett. Zeid Dep. (Apr. 22, 2016) 113:24-114:3 [ECF No. 54-1]. However, Dr. Zeid's testimony about the Prolift device creates a material dispute of fact as to whether he would have used the Prolift to treat Ms. Hammett had he received a different warning. *Id.* at 114:19-116:12.

Thus, Ethicon's Motion regarding failure to warn claims (counts XI and XII) is **GRANTED** as to her TVT-S device and **DENIED** as to her Prolift device.

### C. Fraudulent Concealment

Under Texas law, fraudulent concealment, or fraud by nondisclosure, is considered a subcategory of fraud. *Blankinship v. Brown*, 399 S.W.3d 303, 308 (Tex. Ct. App. 2013) (*citing Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997)). Fraudulent concealment is not an independent claim. *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858, 862 (Tex. Ct. App. 2005) ("Concealment by silence, or fraudulent concealment, is a type of misrepresentation. . . . Therefore, we treat [] complaints of misrepresentation and fraudulent concealment as complaints of common law fraud.").

Ethicon's Motion on Ms. Hammett's fraudulent concealment claim (VII) is **GRANTED**.

### D. Constructive Fraud

Under Texas law, a constructive fraud requires proof of a violation of a fiduciary relationship. *Hubbard v. Shankle*, 138 S.W.3d 474, 483 (Tex. Ct. App. 2004). Ms. Hammett did not put forth any evidence regarding a fiduciary relationship with Ethicon. Mem. Law Supp. Resp. Opp. Summ. J. 16. Thus, there is no genuine dispute of material fact regarding Ms. Hammett's inability to prove a necessary element of this claim.

Ethicon's Motion on constructive fraud is **GRANTED**.

### E. Breach of Warranty

Texas law requires a plaintiff to provide a notice of breach of warranty prior to filing a suit. Tex. Bus. & Com. Code § 2.607(c); *see also Hull v. South Coast Catamarans, L.P.*, 365 S.W.3d 35, 44 (Tex. Ct. App. 2011) ("Failure to notify the seller of the breach, thereby allowing the seller an opportunity to cure, bars recovery on the basis of breach of warranty"). Hammett did not put forth any evidence that she provided the requisite pre-suit notice to Ethicon. Mem. Law Supp. Resp. Opp. Summ. J. 16–17.

Accordingly, Ethicon's Motion regarding the breach of warranty claims (XI and XII) is **GRANTED**.

### F. Unjust Enrichment

The plaintiffs have not identified any evidence to support their unjust enrichment claim. Accordingly, Ethicon's Motion on this point is **GRANTED**.

### G. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiff's remaining claims challenged by Ethicon. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 54] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: (II) strict liability – manufacturing defect, (III) strict liability – failure to warn for the TVT-S, (VII) fraudulent concealment, (VIII) constructive fraud, (XI) breach of express warranty, (XII) breach of implied warranty, and (XV) unjust enrichment. Ethicon's Motion is **DENIED** in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 15, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE